IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ALICE BEST, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CIOX HEALTH, LLC,<br><br>Defendant. | Case No. 19-cv-698 |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1441, the Class Action Fairness Act ("CAFA"), 28 U.S.C. §1332(d), and 28 U.S.C. § 1331, Defendant CIOX Health, LLC ("CIOX") hereby removes this action, captioned *Alice Best v. CIOX Health, LLC*, Case No. 19L0173 from the Circuit Court of St. Clair County, Illinois, to the United States District Court for the Southern District of Illinois. As grounds for removal, CIOX states as follows:

**I.     Parties and Factual Allegations**

1.      On or about March 4, 2019, Plaintiff Alice Best ("Best") filed a Complaint in the Circuit Court of St. Clair County, Illinois (the "State Court"). Best is the sole named plaintiff. CIOX is the sole named defendant.

2.      Best alleges that CIOX charged fees in violation of regulations under the Health Information Technology for Clinical and Economic Health Act (the "HITECH Act") in responding to a request made by Best's attorneys for medical records concerning her medical treatment. *See* Compl., ¶¶ 28-35. Best complains that the rates CIOX charged her attorneys for the requested medical records are not in compliance with the HITECH Act.

3.  Best asserts three theories of recovery: violation of the Illinois Consumer Fraud and Deceptive Practices Act (Count I); fraud (Count II); and money had and received (Count III).

4.  In addition to her individual claims, Best seeks to represent a nationwide class of individuals with allegedly similar claims.  *See id.*, ¶¶37-38.

5.  In particular, Best seeks certification of a class consisting of:

(a) All persons who requested records pursuant to the HITECH Act (b) whose requests were processed by Ciox (c) and who were overcharged by Ciox for such requests.

*Id.*, ¶38.

6.  In her prayers for relief, Best requests, among other things: (1) compensatory damages; (2) punitive damages; (3) an injunction against further overcharges; and (4) attorneys' fees, litigation expenses, and costs of suit.  *Id.*, pp. 8-9.

## II.   The Court Has Jurisdiction Under CAFA.

7.  This Court has subject matter diversity jurisdiction over this action under CAFA.  *See* 28 U.S.C. § 1332(d).

8.  CAFA authorizes removal of putative class actions if: (1) there exists minimal diversity of citizenship; (2) the proposed class contains at least 100 members; and (3) the amount-in controversy exceeds $5,000,000.  *See* 28 U.S.C. §§1332(d)(2)(A), d(5)(B), d(6).

9.  Congress passed CAFA to expand federal jurisdiction over class actions.  *See* Pub. L. No. 109-2, 119 Stat. 14(2)(B) (CAFA seeks to "restore the intent of the framers of the United States Constitution by providing for Federal court consideration of interstate cases of national importance under diversity jurisdiction."); S. Rep. No. 109-14, at *43 (CAFA "is intended to expand substantially federal court jurisdiction over class actions.").  To effectuate its purposes, Congress directed that CAFA "should be read broadly, with a strong preference

that interstate class actions be heard in federal court if properly removed by any defendant." S. Rep. No. 109-14, at *43.

10. CIOX vigorously disputes the validity of Best's claims and denies that this case is appropriate for class treatment. Nevertheless, for the purpose of determining whether federal jurisdiction exists, it is clear this dispute falls within the scope of CAFA.

### A. Minimal Diversity Exists.

11. To establish federal jurisdiction, CAFA requires only minimal diversity—that is, at least one member of the plaintiff class is of diverse citizenship from at least one defendant. 28 U.S.C. § 1332(d)(2)(A).

12. Upon information and belief, Best is a citizen of Illinois and is not a citizen of Georgia or Delaware. *See* Compl., ¶3.

13. CIOX is a Georgia limited liability company with a principal place of business in Georgia, with Smart Holdings Corp. as its sole member. The citizenship of a limited liability company for purposes of diversity jurisdiction is the citizenship of all of its members. *See Belleville Catering Co. v. Champaign Market Place, L.L.C.*, 350 F.3d 691, 692 (7th Cir. 2003). Smart Holdings Corp. is a Delaware corporation with its principal place of business in Georgia. As a result, CIOX is a citizen of Georgia and Delaware for purposes of diversity jurisdiction.

14. Because Best is a citizen of Illinois and CIOX is not a citizen of Illinois, the CAFA requirement of minimal diversity is satisfied. 28 U.S.C. §1332(d)(2)(A). Furthermore, upon information and belief and based upon CIOX's review of its internal records, there are numerous other members of the proposed nationwide class who are not citizens of Illinois, Delaware, or Georgia.

### B.     Putative Class Numerosity Is Satisfied.

15.    Best alleges that the number of class members across both classes is "so numerous that individual joinder of all Class members i[s] impracticable." *Id.*, ¶40. She alleges that "the vast majority of hospitals in the United States manage ROI [release of information] through Ciox." *Id.*, ¶7. She further alleges that, "[a]s the nation's leading ROI provider, Ciox is responsible for a substantial percentage of the records requests pursuant to HITECH in Illinois, and in the country." *Id.* ¶40. Further, based upon CIOX's review of its internal records, CIOX has used billing practices similar to those described in the Complaint for thousands of requests throughout the country during the applicable class period (namely, charging a per-page fee for the production of medical records in response to authorized requests made by attorneys).

16.    Accordingly, based upon Best's allegations, the putative class size satisfies 28 U.S.C. §1332(d)(5)(B).

### C.     The Amount in Controversy Exceeds $5,000,000.

17.    As already noted, CIOX vigorously disputes the validity of Best's claims and denies that this case is appropriate for class treatment. For purposes of determining whether federal jurisdiction exists under CAFA, however, the aggregate amount in controversy exceeds $5,000,000 based upon the allegations in the Complaint.

18.    A removing party establishes the amount in controversy by a plausible, good faith estimate. *Sabrina Roppo v. Travelers Commercial Ins. Co.*, 869 F.3d 568, 579 (7th Cir. 2017). The party seeking removal does not have to establish what damages the plaintiff will recover, but only how much is in controversy between the parties. *Id.* Congress intended that federal jurisdiction properly be exercised under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant,

12767381.1

and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." S. Rep. No. 109-14, at *42.

19. Best's proposed class definitions encompass "[a]ll persons" who have been charged the disputed amounts throughout the country, with no limitation to Illinois. Compl., ¶38. Based upon CIOX's review of its internal records consistent with the proposed nationwide scope of the class, the net revenue generated from the disputed fees in connection with transactions wherein "[a]ll persons" in the United States who requested his/her PHI in electronic format and were charged more than $6.50 during the applicable class period of five years, minus the $6.50 baseline fee proposed by Best, far exceeds $5,000,000. By way of example, the net amount described above exceeded $5,000,000 for CIOX transactions from 2015 to present. Prior years have comparable revenues. These figures are not only retrospective, but prospective because Best seeks injunctive relief. *See, e.g.*, *Keeling v. Esurance Ins. Co.*, 660 F.3d 273, 274 (7th Cir. 2011).

20. Additionally, Best requests punitive damages and attorneys' fees on behalf of the nationwide class in connection with her claims. The Seventh Circuit considers punitive damages in the calculation of the amount in controversy. *See Sabrina Roppo*, 869 F.3d at 582. Courts in Illinois have affirmed jury awards for fraud with multipliers higher than five. *Id.* Therefore, solely for purposes of this analysis, the punitive damages and attorneys' fees sought by Best are factored into the amount in controversy and establish an aggregate amount in controversy well in excess of the $5,000,000 threshold.

21. Thus, the collective value of the relief sought by Best satisfies the amount in controversy requirement of 28 U.S.C. §1332(d)(6).

**III.     The Complaint Raises Federal Questions Regarding HIPAA and the HITECH Act.**

22.     In addition, removal is appropriate because the Complaint raises questions regarding the interpretation of HIPAA and the Privacy Rule, as well as the HITECH Act.  *See, e.g.*, Compl. ¶¶ 11-20, 26, 28, 38, 40, 46, 52-54.  Therefore, removal is appropriate under 28 U.S.C. §1331 as well.

**IV.     Removal to This Court Is Timely and Proper.**

23.     CIOX was served with a summons and a copy of the Complaint on May 28, 2019.

24.     This Notice of Removal is filed within thirty (30) days of service upon receipt by CIOX of the Complaint and is therefore timely pursuant to 28 U.S.C. §1446(b).

25.     The United States District Court for the Southern District of Illinois is the federal judicial district embracing the Circuit Court of St. Clair County, Illinois, where this suit was originally filed.  Venue is therefore proper in this Court under 28 U.S.C. §1441(a).

26.     A copy of this Notice of Removal will be filed in the Circuit Court of St. Clair County, Illinois, and served upon Best's counsel, and all other counsel of record, pursuant to 28 U.S.C. §1446(d).

27.     CIOX has attached as <u>Exhibit 1</u> a copy of all process, pleadings, and orders served upon it in the State Court.

28.     Accordingly, the requirements of 28 U.S.C. §1332(d) are satisfied, and thus CIOX asks that this Court take jurisdiction of this action to its conclusion and to final judgment to the exclusion of any further proceedings in the state court in accordance with federal law.  CIOX further requests that the removal of this action be entered on the docket of this Court and that the Court grant CIOX other and further relief to which it may be legally and equitably entitled.

Dated: June 27, 2019

Respectfully submitted,

**BRYAN CAVE LEIGHTON PAISNER LLP**

By: s/ Jena M. Valdetero
Jena M. Valdetero, #6290948IL
161 North Clark Street, Suite 4300
Chicago, Illinois 60601
(312) 602-5056
(312) 698-7456 (fax)
jena.valdetero@bclplaw.com

Jonathan B. Potts, #64091MO
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, MO 63102
(314) 259-2000
(314) 259-2020 (fax)
jonathan.potts@bclplaw.com

*Attorneys for Defendant CIOX Health, LLC*

12767381.1

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of June, 2019, a copy of the foregoing, including all exhibits, was served by email and U.S. Mail, postage prepaid, on the following:

Daniel R. Seidman
SEIDMAN MARGULIS & FAIRMAN, LLP
20 S. Clark St., Suite 700
Chicago, IL 60603
dseidman@seidmanlaw.net

*Attorney for Plaintiff Alice Best*

                                          **BRYAN CAVE
LEIGHTON PAISNER LLP**

                                          s/ Jena M. Valdetero
                                          Jena M. Valdetero
                                          161 North Clark Street, Suite 4300
                                          Chicago, Illinois 60601
                                          (312) 602-5056 (telephone)
                                          (312) 698-7456 (facsimile)
                                          jena.valdetero@bclplaw.com

                                          *Attorney for Defendant CIOX Health, LLC*

12767381.1