# EXHIBIT 1

STATE OF ILLINOIS
IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

Plaintiff. **Alice Best**  )  Case No.: 2019 L 173
v.  )
)
Defendant. **Ciox Health, LLC**  )

**ALIAS SUMMONS**

To the defendant: Ciox Health, LLC , 925 North Point Pkwy, Alpharetta, GA 30005  c/o Corporation Service Co., 40 Technology Parkway South, Ste. 300, Norcross, GA 30092

YOU ARE SUMMONED and required to file an answer in this case or otherwise file your appearance in the office of the clerk of this court, # 10 Public Square, Belleville, Illinois, 62220, within 30 days after the date of this summons.

E-filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit https://efile.illinoiscourts.gov/service-providers.htm to learn and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/FAQ/gethelp.asp.

Date:  5/17/2019  Diane Kirksey

Seal of Court                    Kahalah A. Clay, Circuit Clerk

_____
Deputy

Name: Daniel R. Seidman
Address: 110 W. Main St., Ste. 110
City: Belleville
State & Zip: IL 62220
Phone: 618-235-7622

RETURN............................$_____
( Miles...............................................$_____
(Total..................................................$_____
                                    Sheriff of_____County

I certify that I served this summons on defendants as follows:
(a) Individual defendants personal
The officer or other person making service shall (a) identify as to sex, race and approximate age of the defendant with whom he left the summons and (b) state the lace where (whenever possible in terms of an exact street address) and the date and time of the day when the summons was left with the defendant)

z

C+

(B) individual defendants abode
By leaving a copy and a copy of the complaint at the usual place of abode of each individual defendant with a person of his family, of the age of 13 years or upwards, informing that person of the contents of the summons. (The officer or other person making service, shall (a) identify as to sex, race and approximate age of the person , other than the defendant, with  whom he left the summons, and (b) state the place where (whenever possible in terms of an exact street address) and the date and time of day  when the summons was left with such person.

and also by sending a copy of the summons and of the complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant at his usual place of abode as follows:

| Name of Defendant | Mailing Address | Date of Mailing |
|---|---|---|
|  |  |  |
|  |  |  |

(C) Corporation Defendants:
By leaving a copy and a copy of the complaint with the registered agent, officer or agent of each defendant corporation, as follows:

| Name of Defendant | Registered agent or officer | Date of Servic |
|---|---|---|
|  |  |  |
|  |  |  |

(D) other service:

_____, Sheriff of_____County
                                            By:_____
                                                           (Deputy)

Electronically Filed
Kahalah A. Clay
Circuit Clerk
CARMEN GLENN
19L0173
St. Clair County
3/4/2019 9:47 AM
4133076

IN THE CIRCUIT COURT OF THE TWENTHIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| ALICE BEST, individually and on behalf of all others similarly situated, ) ) ) ) | |
| Plaintiff, ) ) ) | No.: 19L0173 |
| v. ) ) | |
| CIOX HEALTH, LLC ) ) | |
| Defendant. ) ) ) | |

## COMPLAINT

NOW COMES the Plaintiff, ALICE BEST, by and through her attorneys, SEIDMAN MARGULIS & FAIRMAN, LLP, and for her Complaint against the Defendant, CIOX HEALTH, LLC, states the following:

### I. NATURE OF THE ACTION

1. Plaintiff brings this action alleging that Defendant engaged in fraudulent and deceptive practices through its invoices for copies of medical records.

2. Plaintiff brings this action for violations of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.*, common law fraud, and money had and received.

### II. PARTIES

3. At all times relevant to this Complaint, Plaintiff, Alice Best, is and was a resident of East St. Louis, St. Clair County, Illinois.

4. Defendant, Ciox Health, LLC ("Ciox"), is a Georgia corporation doing business in St. Clair County, Illinois.

5. Ciox is a Release of Information ("ROI") provider, engaged in the business of processing and fulfilling requests made to medical providers for copies of private health information ("PHI") including medical records and bills.

6. Ciox is the largest ROI provider in the country for documents that include PHI including medical records and bills (hereinafter simply "records").

7. As the nation's largest ROI provider, the vast majority of hospitals in the United States manage ROI through Ciox.

8. As the nation's largest ROI provider, a substantial percentage of records requests in the United States, including Illinois, are fulfilled by Ciox.

9. Ciox employs more than 7500 people, including many of whom are employed on-site at its clients' facilities as ROI specialists.

10. Upon information and belief, Ciox employs ROI specialists in Illinois and/or St. Clair County, Illinois.

## FACTS

11. Traditionally, requests for records were done pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"), Pub. L. No. 104-191, 110 Stat. 1936 (1996).

12. *Inter alia*, HIPAA provides an avenue for individuals to request their records from medical providers.

13. Requests made under HIPAA's Privacy Rule were not limited in terms of the fees that ROI providers could charge.

14. The Health Information Technology for Clinical and Economic Health Act ("the HITECH Act"), 42 USC §§ 300jj *et seq.*; §§17901 *et seq.* was subsequently enacted and codified. 42 U.S.C. § 17291 *et seq.*

2

15. Unlike HIPAA requests, HITECH requests are subject to fee restrictions. Specifically, the fee for HITECH requests are $6.50, only unless the ROI provider is able to calculate as well as supply the actual cost of labor in producing the records, or the average cost of labor in producing the records. *Id.*; HHS, *Guidance: Individuals' Right under HIPAA to Access Their Health Information* (May 25, 2016).

16. The $6.50 fee for HITECH requests applies whether or not individuals direct that their records be sent to themselves or a third party. *Id.* at 16.

17. At all times relevant herein, records produced by Ciox pursuant to HITECH requests are, and have been, subject to the fee limitations of the HITECH Act.

18. At all times relevant herein, Ciox has been actually aware that records produced by Ciox pursuant to HITECH requests are subject to the fee limitations of the HITECH Act.

19. At all times relevant herein, upon information and belief, Ciox invoices did not supply the actual cost of labor in producing the records, or the average cost of labor in producing the records.

20. Because Ciox invoices do not supply actual or average costs of labor, Ciox actually knew that it could charge a fee of only $6.50 for each HITECH request.

21. At all times relevant herein, upon information and belief, Ciox, as a routine, customary, and/or automatic process, sends invoices requesting payment that are over $6.50, and therefore incorrect, and too high, which at all times has been actually known by Ciox.

22. When these incorrect invoices are disputed, it is Ciox's custom and practice to amend the invoices to charge only $6.50, but Ciox knowingly and/or purposely sends the original invoices with incorrect, and too high, amounts.

3


23. Upon information and belief, Ciox mails incorrect invoices in a routine, customary, and/or automatic way.

24. Ciox's routine, customary, and/or automatic practice of sending knowingly incorrect invoices that it will reduce if disputed improperly shifts the burden to know proper charges under Federal law onto the individuals requesting their records.

25. Upon information and belief, Ciox mails the aforementioned incorrect, and too high, invoices in a routine, customary, and/or automatic way, with the knowledge and/or purpose of inducing individuals of overpaying Ciox.

26. Upon information and belief, Ciox, through its mailed invoices, knowingly and/or purposely, attempts to induce, and actual does induce, individuals to overpay Ciox for records requested pursuant to the HITECH Act.

27. The individuals that Ciox induces to overpay include Illinois residents.

28. On or about September 24, 2018, Plaintiff, Alice Best, properly made a request pursuant to the HITECH Act to SSM Health for her records to be provided in electronic format to her attorney.

29. SSM Health received this request on or about October 1, 2018.

30. On or about November 13, 2018, Ciox mailed Plaintiff's attorney records, along with an invoice for $33.04.

31. Ciox's invoice of $33.04 was itemized as follows: $25.51 for "Basic Fee[,]" $5.90 for per-page paper copying fee, and $1.63 for shipping.

32. The correct fee for these records was $6.50.

33. At all relevant times, Ciox was actually aware that the correct fee for Plaintiff's records was $6.50.

34. Ciox, through its agents, was actually aware that it's routine, customary, and/or automatic invoicing practices would induce Plaintiff to overpay by $26.54.

35. Relying on Ciox's representations of the amount owed, Plaintiff overpayed Ciox by $26.54.

36. As a result of the above, Ciox induced Plaintiff to overpay.

37. Plaintiff, and upon information and belief other similarly situated individuals, relied on Defendant's computation of the amount due, and was damaged as a result.

### III. CLASS ALLEGATIONS

38. Plaintiff brings this action on behalf of herself and all other similarly situated individuals and seeks certification of the following class:

> (a) All persons who requested records pursuant to the HITECH Act (b) whose requests were processed by Ciox (c) and who were overcharged by Ciox for such requests.

Excluded from the Class are all persons who make a timely election to be excluded from the Class, Defendants and its subsidiaries and affiliates, and all others excluded by law.

39. Certification of Plaintiff's claims for class-wide treatment is appropriate because Plaintiff can prove the elements of her claim on a class-wide basis using the same evidence as would be used to prove those elements in individual actions alleging the same claims.

40. **Numerosity – 735 ILCS 5/2-801(1).** The members of the Class are so numerous that individual joinder of all Class members in impracticable. As the nation's leading ROI provider, Ciox is responsible for a substantial percentage of the records requests pursuant to HITECH in Illinois, and in the country.

41.  Class members may be notified of the pendency of this action by recognized, Court-approved notice dissemination methods, which may include U.S. mail, electronic mail, Internet postings, and/or published notice.

42.  **Commonality and Predominance – 735 ILCS 5/2-801(2).** This action involves common questions of law and fact, which predominate over any questions affecting individual members of the Class, including, without limitations:

    a.    Whether Defendant's actions in overcharging for records sent in response to requests pursuant to the HITECH Act constituted deception, fraud, false pretense, false promise, misrepresentation, and/or the concealment, suppression, or omission of a material fact.

    b.    Whether Defendant intended that overcharged individuals rely on Defendant's deception, fraud, false pretense, false promise, misrepresentation, and/or the concealment, suppression, or omission of a material fact.

    c.    Whether Defendant knew and/or recklessly disregarded the correct fees for records requests.

    d.    Whether Plaintiff and the Class are entitled to compensatory damages.

43.  **Adequacy of Representation – 735 ILCS 5/2-801(3).** Plaintiff is an adequate representative of the Class because her interests do not conflict with the interests of the members of the Class she seeks to represent; she has retained counsel competent and experienced in class action litigation; and Plaintiff intends to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiff and her counsel.

44.     **Superiority – 735 ILCS 5/2-801(4).** A class action is superior to any other available means for the fair and efficient adjudication of this controversy, and no unusual difficulties are likely to be encountered in the management of this class action. The damages or other financial detriment suffered by Plaintiff and members of the Class are relatively small compared to the burden and expense that would be required to individually litigate their claims against Defendants, often one to three cents, so it would be impracticable for members of the Class to individually seek redress for Defendants' wrongful conduct. Even if members of the Class could afford individual litigation, the burden on the Court would be high. Individualized litigation creates a potential for inconsistent or contradictory judgments, and increases the delay and expense to all parties and the court system. By contrast, the class action devise presents far fewer management difficulties, and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

## IV.     COUNTS FOR DAMAGES

### a. Count One – Illinois Consumer Fraud Act

45.     Plaintiff repeats and re-alleges paragraphs 1 through 44 as if fully set forth herein.

46.     Defendants' actions overcharging individuals, such as Plaintiff, for records requests made pursuant to the HITECH Act, constituted deception, fraud, false pretense, false promise, misrepresentation, and/or the concealment, suppression, or omission of a material fact.

47.     Defendants' performed the foregoing actions overcharging individuals, with the intent that others rely upon their deception, fraud, false pretense, false promise, misrepresentation, and/or the concealment, suppression, or omission of a material fact.

48.     The foregoing actions occurred in the course of conduct involving trade and/or commerce.

49. Plaintiff and members of the Class sustained actual damages proximately caused by the foregoing actions constituting deception, fraud, false pretense, false promise, misrepresentation, and/or the concealment, suppression, or omission of a material fact.

50. In overcharging Plaintiff and members of the Class, Defendants engaged in unfair and deceptive acts and practices, in violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2.

WHEREFORE, Plaintiff prays that the Court enter judgement in favor of Plaintiff and the class, and against Defendant, in excess of $50,000, for:

      a. Compensatory damages;

      b. Punitive damages equal to at least 1% of the annual revenue of each of Defendants' Cook County stores during each year the violations occurred;

      c. An injunction against further overcharges;

      d. Attorney's fees, litigation expenses and costs of suit;

      e. Such other or further relief as the Court deems proper.

### b. Count Two – Common Law Fraud

51. Plaintiff repeats and re-alleges paragraphs 1 through 50 as if fully set forth herein.

52. Defendants misrepresented the amount charges due for records produced pursuant to the HITECH Act, to Plaintiff and members of the Class.

53. Plaintiff and other individuals relied on the misrepresentation by overpaying for records requested pursuant to the HITECH Act.

54. Defendant knew or recklessly disregarded the correct fee under the HITECH Act.

WHEREFORE, Plaintiff prays that the Court enter judgement in favor of Plaintiff and the class, and against Defendants, in excess of $50,000, for:

     a.    Compensatory damages;

     b.    Punitive damages equal to at least 1% of the annual revenue of each of Defendants' Cook County stores during each year the violations occurred;

     c.    Costs of suit;

     d.    Such other or further relief as the Court deems proper.

### c. Count Three – Money Had and Received

55. Plaintiff repeats and re-alleges paragraphs 1 through 54 as if fully set forth herein.

56. Defendant unjustly enriched itself, such it is obligated in good conscience to make restitution, by overcharging Plaintiff and other individuals for records.

WHEREFORE, Plaintiff prays that the Court enter judgement in favor of Plaintiff and the class, and against Defendants, in excess of $50,000, for:

     a.    Compensatory damages;

     b.    Costs of suit;

     c.    Such other or further relief as the Court deems proper.

### JURY DEMAND

Plaintiff hereby demands jury trial in this matter.

Respectfully submitted,

ALICE BEST, individually and on behalf of all others similarly situated

_/s/_____
One of Plaintiff's attorneys

Daniel R. Seidman
SEIDMAN MARGULIS & FAIRMAN, LLP
20 S. Clark St., Ste. 700
Chicago, IL 60603
(312) 781-1977
f: (224) 603-8345
dseidman@seidmanlaw.net
ID: 6308142

Electronically Filed
Kahalah A. Clay
Circuit Clerk
CARMEN GLENN
19L0173
St. Clair County
3/4/2019 9:47 AM
4133076

IN THE CIRCUIT COURT OF THE TWENTHIETH JUDICIAL CIRCUIT
ST. CLAIR COUNTY, ILLINOIS

| | |
|---|---|
| ALICE BEST, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) No.: 19L0173 |
| v. | ) ) |
| CIOX HEALTH, LLC | ) ) |
| Defendant. | ) ) ) |

**AFFIDAVIT PURSUANT TO SUPREME COURT RULE 222(b)**

The undersigned, an attorney for Plaintiff, reasonably believes and hereby certifies that the damages for which Plaintiff prays for in her Complaint exceed $50,000.00.

Respectfully submitted,

SEIDMAN MARGULIS & FAIRMAN, LLP

_____
Attorney for Plaintiff

Daniel R. Seidman
SEIDMAN MARGULIS & FAIRMAN, LLP
20 S. Clark St., Ste. 700
Chicago, IL 60603
(312) 781-1977
f: (224) 603-8345
dseidman@seidmanlaw.net
ID: 6308142

CIVIL ACTION NO. 2019 L 173

DATE FILED March 4, 2019

[ ] MAGISTRATE [ ] STATE [ ] SUPERIOR - COURT
GWINNETT COUNTY, GEORGIA

ATTORNEY OR PLAINTIFF(s), ADDRESS & TELEPHONE NUMBER

Daniel R. Seidman
110 West Main Street, Suite 110
Belleville, Illinois 62220
(618) 235-7622

PLAINTIFF(S)
VS.

DEFENDANT(S)

NAME, ADDRESS & TELEPHONE # OF PARTY TO BE SERVED

CIOX Health LLC
CT Corporation Service Company
40 Technology Parkway South, Site 300
Norcross, Georgia 30092

GARNISHEE

Other attached documents to be served: Alias Summons and Complaint / 222(b) Affidavit

**SHERIFF'S ENTRY OF SERVICE**
I HAVE THIS DAY SERVED THE WITHIN ACTION AND SUMMONS AS FOLLOWS:

[ ] **PERSONAL**  Upon the following named defendant: _____

[ ] **NOTORIOUS**  Upon defendant _____
By leaving a copy of the action and summons at the most notorious place of abode in the county.

Delivered the same to _____ described as follows: approximate age _____ yrs; approximate weight _____ pounds; approximate height _____ feet and _____ inches, domiciled at residence of the defendant.

[ ] **CORPORATION**  Upon corporation _____
By serving _____, in charge of the office and place of business of the corporation in this county.
By serving _____, its registered agent.

[ ] **TACK & MAIL**  By posting a copy of the same to the door of the premises designated in the affidavit and/or summons, and on the same day of such posting, by depositing a true copy of the same in the United States mail First Class mail, in an envelope properly addressed to the defendant(s) at the address shown in the summons, containing adequate notice to the defendant(s) to answer said summons at the place stated in the summons.

[ ] **NON EST**  Did not serve because after a diligent search the defendant could not be found in the jurisdiction of the court.

This _____ day of _____, 20 19.

SHERIFF DOCKET _____ PAGE _____

TIME: _____ . M.

_____
DEPUTY

Q:\Magforms\Forms\MAG 10-10 Sheriff's Entry of Service

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Alice Best

**(b)** County of Residence of First Listed Plaintiff  St. Clair County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Daniel R. Seidman, Seidman Margulis & Fairman, LLP, 20 S. Clark St., Suite 700, Chicago, IL 60603; (312) 781-1977

## DEFENDANTS
CIOX Health, LLC

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*
Jena Valdetero, Jonathan Potts, Bryan Cave Leighton Paisner LLP, 211 N. Broadway, Suite 3600, St. Louis, MO 63102; (314) 259-2000

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☒ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 850 Securities/Commodities/ Exchange |
| | | | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. ss. 1331, 1332(d), 1441

Brief description of cause:
Putative class action regarding alleged overcharges for medical records under HIPAA and HITECH Act

## VII. ADDITIONAL INFORMATION:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

**DEMAND $**  50,000.00

Is a jury demanded by any party?
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____  DOCKET NUMBER _____

DATE
06/27/2019

SIGNATURE OF ATTORNEY OF RECORD
/s/ Jena M. Valdetero

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____